**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0376n.06**
**Filed: May 26, 2006**

**No. 05-3623**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOSEPH MICHEL, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges; CARR, District Judge.[*]

PER CURIAM. Following his participation in a string of robberies, Defendant Joseph Michel pleaded guilty to four counts of interference with commerce by threats or violence, 18 U.S.C. § 1951, one count of discharge of a firearm during a crime of violence, 18 § U.S.C. § 924(c), and one count of bank robbery, 18 U.S.C. § 2113(a). The district court sentenced Michel to 300 months' imprisonment—five concurrent 180-month terms for the robberies, and one (mandatory) 120-month term for the § 924(c) offense to run consecutively. Michel now complains that the court erroneously enhanced his sentence but he concedes that the absence of a timely objection entitles him only to plain error review. We affirm, discerning no error, plain or otherwise.

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

Michel first challenges the district court's application of the "brandishing-a-firearm" enhancement (U.S.S.G. § 2B3.1(b)(2)(C)), arguing that such an enhancement is inapplicable in view of his pleading guilty to the § 924(c) charge. Michel, however, overlooks the fact that his § 924(c) conviction was the basis for only *one* of the five robbery charges—and the district court noted that it was *not* applying the brandishing enhancement to the 942(c) charge. The commentary notes to the Guidelines approve of this practice. *See* U.S.S.G. § 2K2.4, cmt. n. 4 ("[I]f a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. 924(c) in connection with only one of the robberies, *a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. 924(c) conviction*." (emphasis added)).

Michel next questions the district court's application of  two separate two-level enhancements to the bank robbery offense—one for taking property from a financial institution (U.S.S.G. § 2B3.1(b)(1)), and one for making a threat of death (U.S.S.G. § 2B3.1(b)(2)(F)). Michel argues that the application of these enhancements violated his Sixth Amendment rights because he never admitted to the facts underlying the enhancements. But during his plea colloquy, Michel admitted that he "entered the Key Bank for the purposes of robbing the facility . . . ordered all those inside the bank up against the wall or [he] would blow their heads off . . . demanded money from the tellers . . . obtained $2,123 . . . [and admitted] that the deposits of [the bank] . . . were insured by the Federal Deposit Insurance Corporation." These admitted facts were sufficient to support the enhancements; thus Michel's Sixth Amendment rights were not violated. *United States v. Murdock*, 398 F.3d 491, 502 (6th Cir. 2005).

Finally, Michel challenges the reasonableness of the total sentence of 300 months, arguing that the top of the range plus the mandatory 120 months on the § 922(c) conviction ought to have been enough. Specifically, Michel targets as unreasonable the extra 30 months imposed when the district court set the sentence at 180 months (before adding the mandatory 120 months) instead of the Guidelines-recommended maximum of 150 months. Michel supports his argument with nothing more than a conclusory statement that this upward "departure" rendered his sentence unreasonable.

The district court, however, thoroughly explained its reasons for the sentence, discussing Michel's admitted, long-standing, substance abuse problem and the role it played in his crime spree, together with the fact that Michel had not addressed the problem or evidenced a willingness to do so. The court went on to note that the six felonies for which it was sentencing Michel brought his total to "between 18 and 20 felonies by someone who is only 31 years old" and that Michel "is a danger to this community in a way that, quite frankly, most defendants who appear before me are not." The court addressed rehabilitation in noting that "we should help [this individual] to the extent we can lick this drug habit" but went on to opine that "the very best thing and the most important thing I can do in imposing sentence is to get him off the street," labeling Michel a "clear and present danger to the community."

With this record and the arguments advanced on appeal, we find the sentence to be reasonable and affirm**.**